# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Mary K. Immel,

      Plaintiff,

-v-                                                            Case No.: 2:07-cv-1214

                                                                Judge Smith

                                                                Magistrate Judge King

Douglas E. Lumpkin, in his official capacity

as Director of the Franklin County

Department of Job and Family Services,

      Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration of this Court's January 23, 2009 Opinion and Order granting Defendants' Motion for Summary Judgment (Doc. 19). Plaintiff Mary K. Immel filed this action against Douglas E. Lumpkin, in his official capacity as Director of the Franklin County Department of Job and Family Services asserting

that Defendant interpreted state regulations in a manner that is unconstitutional and conflicts with federal law. Plaintiff and Defendant both moved for summary judgment. The Court granted Defendant's motion and denied Plaintiff's motion. For the following reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration.

The facts of this case have previously been set forth in detail in the Court's Opinion and Order, so it is not necessary to reiterate them here. The Court instead will incorporate the facts as necessary to address Plaintiff's arguments asserted in her Motion for Reconsideration.

### I. STANDARD OF REVIEW

A motion for reconsideration pursuant to Rule 59(e) is designed only to "correct manifest errors of law or fact or to present newly discovered evidence." *Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir. 1997); *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985), *cert denied,* 476 U.S. 1171 (1986). As such, a Rule 59(e) motion may be made for only one of three reasons: (1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *See Berridge v. Heiser,* 993 F.Supp. 1126, 1146-1147 (S.D. Ohio 1998) (*citing Firestone v. Firestone,* 316 U.S. App. D. C. 152 (D.C. Cir. 1996)).

A motion for reconsideration is not a vehicle to reargue the case or to present evidence which should have been raised in connection with an earlier motion. *See Database America v. Bellsouth Advertising & Publishing,* 825 F. Supp. 1216, 1219-20 (D.N.J. 1993); 11 Charles Alan Wright, Arthur Miller and Mary Kay Kane, *Federal Practice and Procedure,* § 2810.1 (2d ed.1995) (Motions to alter or amend judgment cannot be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment.").

2

"[A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *In re Christie,* 222 B.R. 64, 66 (Bankr. D.N.J. 1998) (*citing Database,* 825 F.Supp. at 1220). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *Database,* 825 F.Supp. at 1220.

The suitable standard governing the granting of summary judgment is offered to us in Fed. R. Civ. P. 56(c), which tells us:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party in entitled to judgment as a matter of law.

Summary judgment will be granted if the opposing party is unable to show that there is an element in question upon which that party will have the burden of proving if and when it should go to trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 588 (1986).

## II. DISCUSSION

Plaintiff asserts three arguments in support of her Motion for Reconsideration: (1) that the Court relied on a mistake of fact in reaching its decision; (2) that *res judicata* is applicable in this case; and (3) that there are no other avenues in regards to the State proceedings that will allow the successful party of an administrative hearing to appeal to the Common Pleas Court.

**A.  Mistake of Fact**

Defendant was only ordered to review the Plaintiff's eligibility, and at no time was the Defendant directed to declare the Plaintiff eligible to receive Medicaid benefits. Each time Defendant was instructed to review Plaintiff's eligibility, an appropriate hearing was held. It has also already been noted that the Defendant admits that his initial interpretation of the Ohio Rules regarding consideration of promissory notes was in error and was thus corrected the second time with the proper reason of why Plaintiff's application for benefits was rejected. The subsequent denials of Plaintiff's Medicaid application were for reasons completely unrelated to the promissory note. The Plaintiff has not raised any federal issues and is simply trying to appeal the decision of a state agency.

The mistake of reasoning or fact repeatedly referenced by Plaintiff was the initial denial of benefits for "failure to meet the spenddown." However, Defendant conceded that his original interpretation of the Ohio rules regarding the consideration of a promissory note as an available resource was in error and the subsequent denials of Plaintiff's application were because of resources in excess of program eligibility limits as well as an improper resource transfer.

The *Rooker-Feldman* doctrine is in place for no other reason than to prevent the encroachment of federal courts into the business of the state judicial systems. What greater encroachment could occur than a Federal District Court, having no appellate jurisdiction over state matters, exercising subject matter jurisdiction and allowing a case to go to trial? The doctrine is in place because "independence of state courts would surely be compromised if every adverse decision in state court merely rang the opening bell for federal litigation of the issues." *Squirek v. Law Offices of Sessoms & Rogers, P.A.,* 2003 U.S. Dist. LEXIS 7760 (M.D. N.C. May 5, 2003), *quoting Brown & Root, Inc. v. Breckenridge,* 211 F.3d 194, 198 (4th Cir. 2000). To

reiterate this point, a federal district court does not enjoy appellate jurisdiction over state courts. This is a privilege allowed at the federal level by only the Supreme Court of the United States.

The two-part test to determine the applicability of the *Rooker-Feldman* doctrine is described in detail in the January 23, 2009 Opinion and Order. In order for it to apply, plaintiff's claims must be both "inextricably intertwined," as well as the determination be made of "whether the claim is a general challenge to the constitutionality of the state law applied in state action" or "a specific grievance that the law was invalidly—even unconstitutionally—applied in the plaintiff's particular case." *Hutcherson v. Lauderdale County, Tennessee,* 326 F.3d 747, 756 (6th Cir. 2003), *quoting Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir. 1998). A general challenge of the constitutionality of state law would not invoke *Rooker-Feldman*, however a specific grievance in regards to how state law was applied to a case would raise a *Rooker-Feldman* issue. Plaintiff's claims in this case are specific to a particular grievance in the application of state law. Therefore, we have a clear barring by the *Rooker-Feldman* doctrine. The Plaintiff is asking this Court to review the state administrative proceedings and clarify in order to interpret the meaning of them. This is in direct conflict with the *Rooker-Feldman* doctrine. The Plaintiff also argues that *Rooker-Feldman* does not apply because the Defendant has not "lost" in state court. She has, however, been denied Medicaid benefits so in the eyes of this Court and for all intents and purposes, is to be viewed as the losing party in the application of this doctrine.

**B.** *Res Judicata*

The Court reiterates that *res judicata* does not bar Defendant from issuing repeated denials of Plaintiff's Medicaid application. Furthermore, as stated previously, a federal review of a State Hearing Decision in regards to the specific hearing is barred under *Rooker-Feldman*.

C.   **State Proceedings**

In her Motion for Reconsideration, Plaintiff argues that the County is able to deny applications over and over and "manipulate the system," getting multiple bites at the apple. Plaintiff takes an issue with state proceedings, stating that Ohio Revised Code Section 119, allows no recourse for a successful party, at an administrative hearing, to appeal that win to the Common Pleas Court. This issue, however, seems to be more appropriately taken up with the state legislature rather than this Court.

### III. DISPOSITION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration of this Court's January 23, 2009 Opinion and Order granting Defendants' Motion for Summary Judgment. In light of this decision, final entry shall again be entered in favor of Defendant, dismissing this action in its entirety with prejudice.

The Clerk shall remove Document 19 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*

**GEORGE C. SMITH, JUDGE**

**UNITED STATES DISTRICT COURT**